# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY K. COLE, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00774-NONE-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE FILING FEE OR TO PAY THE $400.00 FILING FEE IN FULL<br><br>FOURTEEN DAY DEADLINE |

Ronald Jerrell Inman ("Plaintiff"), a state prisoner, is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on June 3, 2020. Plaintiff did not pay the filing fee or submit an application to proceed in this action *in forma pauperis*.

Upon review of Plaintiff's prior cases, the Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

/ / /

The Court takes judicial notice of the following cases: (1) Inman v. Clark, No. 1:08-cv-01867-SMS (E.D. Cal.) (dismissed on August 25, 2010 for failure to state a claim); (2) Inman v. Superior Court of California, No. 1:12-cv-01049-AWI-BAM (E.D. Cal.) (dismissed on September 5, 2012 for failure to file an amended complaint, following a screening order dismissing complaint for failure to state a claim);[1] and (3) Inman v. Wardon S. Hatton, No. 3:17-cv-06612-SI (N.D. Cal.) (dismissed October 2, 2018 for failure to state a claim). Prior to filing this action, Plaintiff has had at least three cases that were dismissed as frivolous or for failure to state a claim. Therefore, Plaintiff is not entitled to proceed in this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). The complaint filed in this action is brought against Superior Court judges and the attorney who represented Plaintiff in his criminal action. Plaintiff alleges that he was subjected to an illegal sentence, his motion for a sentence modification was denied, and his attorney failed to properly represent him during sentencing in his criminal action. Plaintiff is seeking by this action to have his sentence corrected so he can take advantage of Proposition 57. Plaintiff's complaint does not include any factual allegations that would demonstrate that he is in imminent danger of serious physical injury and therefore he is precluded from proceeding in this action without prepayment of the filing fee.

Finding that Plaintiff is precluded from proceeding without prepayment of fees under section 1915(g) and that the complaint does not allege that he is in imminent danger, IT IS HEREBY ORDERED that within **fourteen (14) days** of the date of service of this order, Plaintiff shall either:

1) show cause in writing why this case should not be dismissed for failure to pay the filing fee; or

2) pay the full $400.00 initial filing fee in full to proceed with this action.

---

[1] See Harris v. Mangum, 15-15054, 863 F.3d 1113, 1143 (9th Cir. 2017) (When (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).

**Plaintiff's failure to comply with this order will result in dismissal of this action.** If, after receiving this order, Plaintiff no longer wishes to pursue this action, he shall file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __**June 4, 2020**__

UNITED STATES MAGISTRATE JUDGE