# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERRELL INMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY K. COLE, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00774-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 3)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Ronald Jerrell Inman ("Plaintiff"), a state prisoner, is appearing *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on June 3, 2020. As Plaintiff did not pay the filing fee or submit an application to proceed in this action *in forma pauperis*, on June 5, 2020, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to pay the filing fee or the filing fee in full within fourteen days. The order to show cause found that Plaintiff was not entitled to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(g). On June 8, 2020, Plaintiff filed an application to proceed *in forma pauperis* in this action.

　　　　The Court finds that Plaintiff is not entitled to proceed *in forma pauperis* in this action. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1 facility, brought an action or appeal in a court of the United States that was dismissed on the
2 grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
3 unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
4 Courts refer to this as the "three strikes rule." Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d
5 890, 892 (9th Cir. 2011). In order to determine whether Plaintiff is entitled to proceed *in forma*
6 *pauperis*, the Court may take judicial notice of court records in other cases. See United States v.
7 Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

8 The Prison Litigation Reform Act ("PLRA") was enacted "to curb the volume of non-
9 meritorious, and often frivolous, civil-rights lawsuits brought challenging prison conditions."
10 Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1054 (9th Cir. 2016). Pursuant
11 to the PLRA, a litigant who has previously filed three suits that were dismissed for the reasons
12 enumerated in section 1915(g) are precluded from proceeding in the district court without
13 prepayment of fees unless the inmate demonstrates that he is in imminent danger of serious
14 physical injury. Andrews v. Cervantes ("Cervantes"), 493 F.3d 1047, 1049-50 (9th Cir. 2007).
15 Not every unsuccessful case will qualify as a strike under § 1915(g). Andrews v. King ("King"),
16 398 F.3d 1113, 1122 (9th Cir. 2005). Section "1915(g) should be used to deny a prisoner's [*in*
17 *forma pauperis*] status only when, after careful evaluation of the order dismissing an action, and
18 other relevant information, the district court determines that the action was dismissed because it
19 was frivolous, malicious or failed to state a claim." King, 398 F.3d at 1121; see also Knapp v.
20 Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) ("in determining a § 1915(g) 'strike,' the reviewing
21 court looks to the dismissing court's action and the reasons underlying it"). In order to count as
22 a strike, the entire case must have been dismissed as frivolous, malicious or for failure to state a
23 claim. Cervantes, 493 F.3d at 1054.

24 Here, upon examination of Plaintiff's prior cases that have been dismissed, the Court
25 finds that Plaintiff has on more than three occasions, while incarcerated, brought an action that
26 was dismissed for failure to state a claim upon which relief could be granted. The Court takes
27 judicial notice of case numbers: (1) Inman v. Clark, No. 1:08-cv-01867-SMS (E.D. Cal.)
28 (dismissed on August 25, 2010 for failure to state a claim); (2) Inman v. Superior Court of

California, No. 1:12-cv-01049-AWI-BAM (E.D. Cal.) (dismissed on September 5, 2012 for failure to file an amended complaint, following a screening order dismissing complaint for failure to state a claim);[1] and (3) Inman v. Wardon S. Hatton, No. 3:17-cv-06612-SI (N.D. Cal.) (dismissed October 2, 2018 for failure to state a claim). Prior to filing this action, Plaintiff has had at least three cases that were dismissed for failure to state a claim. These cases were final prior to the date Plaintiff filed this action. Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). Cervantes, 493 F.3d at 1053−55. The complaint filed in this action is brought against Superior Court judges and the attorney who represented Plaintiff in his criminal action. Plaintiff alleges that he was subjected to an illegal sentence, his motion for a sentence modification was denied, and his attorney failed to properly represent him during sentencing in his criminal action. Plaintiff is seeking by this action to have his sentence corrected so he can take advantage of Proposition 57. Plaintiff's complaint does not

---

[1] Recently in dicta the Supreme Court noted that when a court gives a plaintiff leave to amend his complaint the three strikes provision does not apply because the suit continues. Lomax v. Ortiz-Marquez, No. 18-8369, 2020 WL 3038282, at *3, n.4 (U.S. June 8, 2020); see Exp. Grp. v. Reef Indus., Inc., 54 F.3d 1466, 1471 (9th Cir. 1995) (quoting Black's Law Dictionary, 454 (6th ed. 1990)) (dictum is "an observation or remark ... not necessarily involved in the case or essential to its determination"). "Supreme Court dicta should be given 'due deference,' but it is the Court's holding that is ultimately binding." Nu Image, Inc. v. Int'l All. of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of United States , Its Territories & Canada, AFL-CIO, CLC, 893 F.3d 636, 642 (9th Cir. 2018), cert. denied sub nom. Nu Image, Inc. v. Int'l All. of Theatrical Stage Employees, 139 S. Ct. 1169 (2019). Lomax, however, did not address the situation where an amended complaint was not filed and the suit was thereafter dismissed for failure to state a claim, but considered *only* whether a dismissal without prejudice would count as a strike under section 1916(g). The Court found the language of the statute resolved the question and held that a complaint need not be dismissed with prejudice to count as a strike under section 1916(g). Lomax, 2020 WL 3038282, at *5.

That said, the Ninth Circuit has clearly held that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). Harris v. Mangum, 863 F.3d 1113, 1143 (9th Cir. 2017). In order for Lomax to overrule this decision, decision "must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." Miller v. Gamier, 335 F.3d 889, 900 (9th Cir. 2003). Even assuming that the footnote in Lomax is binding on this court, the decision in Harris is not clearly irreconcilable. The footnote in Lomax discussed the effect of a dismissal where the plaintiff has been granted leave to amend and the action is continuing. The issue in Lomax was whether the dismissal of the for failure to state a claim was with or without prejudice so as to count as a strike under section 1915(g). The Lomax Court relied on the wording of the statute which states that the dismissal of a suit for failure to state a claim counts as a strike. Lomax, 2020 WL 3038282, at *5. However, the Harris holding applies when the plaintiff has been granted leave to amend and the matter is later dismissed for failure to state a claim after the plaintiff fails to file an amended complaint. At that time, the suit has been dismissed for failure to state a claim. Thus, the Court finds that following Lomax, the holding in Harris remains good precedent as it is not clearly irreconcilable.

include any factual allegations that would demonstrate that he is in imminent danger of serious physical injury and therefore he is precluded from proceeding in this action without prepayment of the filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* in this action be DENIED; and

2. Plaintiff be ordered to pay the $400.00 filing fee in full.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2020**

UNITED STATES MAGISTRATE JUDGE